UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHRISTINE FISHER, On behalf of herself and all others so similarly situated,<br><br>  Plaintiff,<br><br>v.<br><br>NEWREZ c/o NEWREZ/PHH MORTGAGE SERVICES; WELLS FARGO BANK, N.A. TRUST, AS TRUSTEE FOR OPTION ONE MORTGAGE LOAN TRUST 2006-3,<br><br>  Defendants. | CIVIL ACTION NO. 1:22-cv-11222 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants, NewRez c/o NewRez/PHH Mortgage Services[1] ("NewRez") and Wells Fargo Bank, N.A. Trust, as Trustee for Option One Mortgage Loan Trust 2006-3 ("Wells Fargo as Trustee," together with NewRez, the "Defendants"), hereby remove the above-captioned action to this Court based on the following supported grounds:

### I.   PROCEDURAL BACKGROUND AND NATURE OF ACTION

1.   On or about June 7, 2022, Plaintiff, Christine Fisher (the "Plaintiff"), filed a complaint in Plymouth Superior Court, captioned *Christine Fisher on behalf of Herself and all others so similarly situated vs. Newrez C/O Newrez/ PHH Mortgage Services et al*, C.A. 2283CV00406. (A true and accurate copy of the complaint is attached hereto as **Exhibit A**, the "Complaint.")

2.   Both Defendants were served with a copy of the Complaint on July 1, 2022.

---

[1] The correct name of the entity to which it appears the Plaintiff is trying to refer is PHH Mortgage Corporation.

3. The Complaint arises from the Plaintiff's mortgage encumbering the real property located at 17 Keith Avenue, Lakeville, Massachusetts (the "Property").

4. The Complaint sets forth a putative class action where the Plaintiff challenges Wells Fargo as Trustee's right to foreclose based on her claim that certain pre-foreclosure notices failed to strictly comply with the requirements of the subject mortgage and Massachusetts law. Specifically, the Complaint seeks a Declaratory Judgment that the pre-foreclosure notices and any subsequent foreclosure are null and void (Count I), alleges violation of the Power of Sale (Count II), Breach of Contract (Count III), and a violation of M.G.L. c. 244, Section 35A (Count IV). (*See generally*, Ex. A.)

## II.     THE COURT HAS DIVERSITY JURISDICTION OVER THIS ACTION

5. The United States Court for the District of Massachusetts has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the action is between citizens of different states and the matter in controversy exceeds the sum or value of $75,000.00. *See* 28 U.S.C. § 1332.

6. First, there is complete diversity of citizenship under 28 U.S.C. § 1322(a). The Plaintiff is a citizen of Massachusetts and resides at the Property. (*See* Ex. A, ¶¶ 12, 17.)

7. Defendant NewRez is a limited liability corporation organized under the laws of the State of Delaware with its principal place of business at 1100 Virginia Drive, Suite 1100, Fort Washington, PA 19034. (A copy of the business entity summary obtained from the records of the Massachusetts Secretary of State is attached hereto as **Exhibit B**.) Therefore, NewRez is a citizen of Delaware and Pennsylvania for diversity purposes. *See* 28 U.S.C. § 1332 (c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business").

8. Defendants Wells Fargo as Trustee is a national banking association organized and existing under the laws of the United States of America with its main office in Sioux Falls, South Dakota. Wells Fargo as Trustee, therefore, is a citizen of South Dakota for purposes of diversity jurisdiction. *See* 28 U.S.C. § § 1332 (c) and 1348; *McKenna v. Wells Fargo Bank, N.A.*, 693 F.3d 207, 212 (1st Cir. 2012) (finding that a national bank is a citizen of the state where its main office is located).

9. Accordingly, complete diversity exists between the Plaintiff (a citizen of Massachusetts), NewRez (a citizen of Delaware and Pennsylvania), and Wells Fargo as Trustee (a citizen of South Dakota).

10. Second, the amount in controversy exceeds $75,000.00. The Civil Action Cover Sheet filed with the Complaint states that the Plaintiff is seeking $500,000.00 in damages. (A true and accurate copy of the Civil Action Cover Sheet is attached here to as **Exhibit C**.)

11. In addition, the Plaintiff has placed the right to title to the Property at issue. Where the right to enforce a mortgage loan is at issue, the original principal amount of the mortgage may constitute the amount in controversy for diversity jurisdiction purposes. *See McKenna*, 693 F.3d at 211-12 (considering, among other potential tests, the loan amount as amount in controversy in cases where complaint seeks to invalidate a loan secured by a mortgage); *McLarnon v. Deutsche Bank National Trust Company*, C.A.15-11799-FDS, 2015 U.S. Dist. LEXIS 89840, at *7-9 (D. Mass. July 10, 2015) (holding that amount in controversy can be determined by the face value of the loan in question). The original principal amount of the mortgage at issue was $304,300.00. (*See* Ex. A, ¶ 20.) Thus, the amount in controversy exceeds $75,000.00.

12. Based on the foregoing, this Court has jurisdiction over this action based upon diversity of citizenship and the amount in controversy, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

### III. DEFENDANTS HAVE COMPLIED WITH ALL PREREQUISITES FOR REMOVAL

13. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)(1), as fewer than 30 days have elapsed since the Defendants served with process. *See, e.g., Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350-51, 119 S. Ct. 1322, 143 L. Ed. 2d 448 (1999) ("one becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend").

14. In accordance with 28 U.S.C. § 1446(d), written notice of the filing of this removal notice will be given to the Plaintiff and will be filed with the appropriate clerk, following filing of this Notice of Removal.

15. Within 28 days of filing this Notice of Removal, the Defendants shall file with this Court certified copies of the docket sheet and all document filed in the state court action, pursuant to L.R. 81.1(a).

16. Defendants reserve the right to amend of supplement this Notice of Removal and reserve all rights and defenses in this action, including those available under Fed. R. Civ. P. 12.

**WHEREFORE**, this action should be removed to the United States District Court for the District of Massachusetts.

NEWREZ c/o NEWREZ/PHH MORTGAGE SERVICES
By: Its Attorneys

*/s/ Kevin W. Manganaro*
Maura K. McKelvey, BBO #600760
Kevin W. Manganaro, BBO #690082
HINSHAW & CULBERTSON LLP
53 State Street, 27th Floor
Boston, MA 02109
617-213-7000
617-213-7001  (facsimile)
mmckelvey@hinshawlaw.com
kmanganaro@hinshawlaw.com

Dated:   July 29, 2022

## CERTIFICATE OF SERVICE

I, Kevin W. Manganaro, hereby certify that the documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Kevin W. Manganaro*
Kevin W. Manganaro

1052951\311214625.v1