# EXHIBIT A

A3093\306083941.v1


**COMMONWEALTH OF MASSACHUSETTS**
**SUPERIOR COURT DEPARTMENT**

**PLYMOUTH, ss**

|  |  |
|---|---|
| )<br>CHRISTINE FISHER On behalf of herself and )<br>all others so similarly situated, )<br> )<br>  *Plaintiff,* )<br> )<br> )<br>  vs. )<br> )<br>NEWREZ C/O NEW REZ/PHH MORTGAGE )<br>SERVICES; WELLS FARGO BANK, N.A. TRUST)<br>AS TRUSTEE FOR OPTION ONE MORTGAGE )<br>LOAN TRUST 2006-3 )<br> )<br>  *Defendants.* )<br> ) | C.A. NO.<br><br>CLASS ACTION COMPLAINT<br><br>JURY TRIAL DEMANDED |

**INTRODUCTION**

1.     The Representative Plaintiff, Christine Fisher, on behalf of herself and all others so similarly situated, brings this action as described in the paragraphs set forth herein. This class action complaint alleges that Defendants, New Rez c/o PHH Mortgage Services ("New Rez/PHH Mortgage") and/or Wells Fargo Bank, N.A., as Trustee for Option One Mortgage Loan Trust 2006-3 ("Wells Fargo"), breached of the terms of those certain mortgages noted herein, given by Class Plaintiffs as secured by their real properties and in the case of the representative Plaintiff, secured by real property located at 17 Keith Avenue, Lakeville, MA as well as the real properties of those Plaintiffs in the class.  The Defendants breached the mortgage contracts in violation of Mass Gen Laws Ch. 244 § 14 as well as violated Mass. Gen. Laws Ch. 244 §35A by sending purported default notices in accordance with the mortgage contract and right to cure notices pursuant to Mass. Gen. Laws Ch. 244 §35A that contained materially misleading statements.  Representative

Plaintiff, on behalf of herself and all those similarly situated, alleges that all default/right to cure notices described in this Class Action Complaint that were sent by Defendant New Rez/PHH Mortgage on behalf on mortgagees presently known and unknown are invalid and resulted in void foreclosures for violating M.G.L. Ch 244 Section 14. Defendants' breaches resulted in void default notices pursuant to the terms to the mortgages (paragraphs 19 and 22), void right to cure notices in accordance with Mass. Gen. Laws Ch. 244 §35A, void foreclosure notices, void foreclosure auctions pursuant to said mortgages, void foreclosure sales and void foreclosure deeds.

2.      The Representative Plaintiff, on behalf of herself and all others so similarly situated, pray that this Honorable Court find that the Defendants breached the terms of the mortgages and further find said default notices are invalid and void.   Further said Plaintiff prays that this Honorable Court find that the Defendants violated Mass. Gen. Laws Ch. 244 §35A and further find that the right to cure notices sent pursuant to said statute are null and void as well.  In addition, said Plaintiffs ask that this Court find that any foreclosure sales conducted by the Defendants and foreclosure deeds granted subsequent to the invalid default notices be declared null and void regardless of whether or not said invalid foreclosure deeds were recorded.  Representative Plaintiff asks that this Honorable Court declare that any such default notices sent to the Class Plaintiffs as described in this complaint be null and void, declare that any right to cure notices pursuant to Mass. Gen. Laws Ch. 244 §35A as described in this complaint be null and void, declare that any notice of mortgagee's foreclosure sale made to the Class Plaintiffs subsequent to such void default notices and void right to cure notices be null and void, enjoin the Defendants from conducting any foreclosure auction or conveyance of the subject properties and declare any foreclosure deed for said Class Plaintiffs null and void.  Class Plaintiffs also seek declaratory relief, injunctive relief,

actual, monetary, punitive and exemplary damages, restitution, an accounting, attorney's fees and costs, and all other relief provided by law for Defendants' wrongful acts.

## JURISDICTION AND VENUE

3.      This Honorable Court has subject matter jurisdiction as the subject property at issue is located in the Commonwealth of Massachusetts, and Plaintiff resides at said subject property.

4.      Venue is proper in this Honorable Court in that the events or omissions giving rise to this claim have occurred, and the real property that is subject of the action is situated within the Commonwealth of Massachusetts.

5.      Pursuant to Mass. R. Civ. P. Rule 23(a)(1), this complaint is a putative class action in which the class is so numerous that joinder of all members is impracticable.

6.      Pursuant to Mass. R. Civ. P. Rule 23(b)(1), there are questions of law and fact common to the class.

7.      Pursuant to Mass. R. Civ. P. Rule 23(a)(3), the claims or defenses of the Representative Plaintiff are typical of the claims or defenses of the class.

8.      Pursuant to Mass. R. Civ. P. Rule 23(a)(4), the Representative Plaintiff will fairly and adequately protect the interests of the class.

9.      Pursuant to Mass. R. Civ. P. Rule 23(b), prosecuting separate actions by or against individual class members would create a risk of: (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; and (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications and may substantially impair or impede their ability to protect their interests.

10.     Pursuant to Mass. R. Civ. P. Rule 23(b), the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

11.     Pursuant to Mass. R. Civ. P. Rule 23(b), the questions of law or fact common to class members predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

## **PARTIES**

12.     Representative Plaintiff Christine Fisher is a citizen of Massachusetts and the owner of the subject property located at 17 Keith Avenue, Lakeville, MA.

13.     Defendant, New Rez/PHH Mortgage Corporation, is a residential mortgage servicing company, located at 1 Mortgage Way, Mount Laurel, NJ 08054.  Class Plaintiffs hereby challenge the validity all erroneous and potentially deceptive and misleading default/ right to cure notices sent by New Rez/PHH Mortgage as described in this Complaint and all resulting foreclosures initiated and conducted subsequent to such notices

14.     Defendant, Wells Fargo Bank, N.A., as Trustee for Option One Mortgage Loan Trust 2006-3 ("Wells Fargo"), is a purported trustee of a securitized mortgage-backed trust.  Wells Fargo is located at 420 Montgomery Street, San Francisco, CA 94104.

15.     At all times herein mentioned, Defendants, New Rez/PHH Mortgage and Wells Fargo both individually and collectively, are and were agents and/or joint venturers of each other, and in doing the acts alleged herein were acting within the course and scope of such agency.

16.     Defendants, New Rez/PHH Mortgage and Wells Fargo had actual and/or constructive knowledge of the acts of the other as described herein, and ratified, approved, joined in, acquiesced in, and/or authorized the acts of the other, and/or retained the benefits of said acts.

## ALLEGATIONS OF THE REPRESENTATIVE PLAINTIFF

17.     Representative Plaintiff, Christine Fisher, resides at and claims to be the owner of real property located 17 Keith Avenue, Lakeville, MA, which is the subject property as referenced herein.

18.     Representative Plaintiff Fisher brings this action on behalf of herself and all others so similarly situated.

19.     On October 27, 2006 the subject property was granted to Representative Plaintiff Fisher. The Deed evidencing transfer of the ownership of the subject property was recorded in the Plymouth Registry of Deeds in Book 33616 at Page 20 on November 1, 2006.

20.     On October 27, 2006, Representative Plaintiff Fisher granted a Mortgage, secured by the subject property, in the amount of $304,300.00, which was recorded in the Plymouth Registry of Deeds in Book 33616 at Page 22 on November 1, 2006. (the Fisher Mortgage) The Mortgage identified Mortgagetree Lending as the Lender and Mortgage Electronic Registration Systems ("MERS") as mortgagee.

21.     The Fisher Mortgage states at paragraph 22 as follows:

> "22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument…The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it."

22.    Paragraph 22 of the Fisher Mortgage required that prior to acceleration and foreclosure the Defendants were required to send Representative Plaintiff Fisher a Default Notice which informed Representative Plaintiff Fisher that she had a "right to reinstate after acceleration". The "right to reinstate after acceleration" contained in the Fisher Mortgage is described in Paragraph 19 of the Mortgage as follows:

"19. Borrower's Right to Reinstate After Acceleration. If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time *prior to the earliest of: (a) five days before* the sale of the Property pursuant to any power of sale contained in this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of judgment enforcing this Security Instrument. Those *conditions* are that Borrower: (a) *pays Lender all sums which then would be due* under this Security Instrument and the Note *as if no acceleration had occurred*; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged. Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer. *Upon reinstatement* by Borrower, this Security Instrument and *obligations* secured hereby *shall remain fully effective as if no acceleration had occurred*. However this right to reinstate shall not apply in the case of acceleration under Section 18."

(emphasis added)

6

23.     On September 26, 2011, MERS assigned the Fisher Mortgage to Sand Canyon Corp.  Said assignment was recorded in the Plymouth Registry of Deeds in Book 40719 at Page 131 on December 14, 2011.

24.     On December 4, 2012, Sand Canyon assigned the Fisher Mortgage to Defendant, Wells Fargo as Trustee.  Said assignment was recorded in the Plymouth Registry of Deeds in Book 42372 at Page 197 on December 11, 2012.

25.     On or about August 17, 2021 Defendant, New Rez/PHH Mortgage, allegedly sent to Representative Plaintiff Fisher a form default/ right to cure letter which stated "after November 15, 2021" (the right to cure date/ acceleration date), "you can still avoid foreclosure by paying the total past due amount before a foreclosure sale takes place . . . to avoid foreclosure".  This language effectively extended the Plaintiffs' right to reinstate after acceleration to "anytime" before the foreclosure.  See Thompson v. JP Morgan Chase Bank, NA., 486 Mass. 286, 288, 294 (2020).

26.     Contrary to the Representative Plaintiff's unequivocal right to reinstate that was extended to "anytime" before the foreclosure, the default/right to cure notice states on page 3 that "If your payment is not accepted or your payment is for less than the total amount due (which we may accept without waiving any of our rights), this matter will not be resolved".  Since the "total amount due" when the mortgage is accelerated is the accelerated amount, this language is contrary to, waters down and infringes upon the Plaintiffs unequivocal right to reinstate the mortgage by paying less the accelerated amount "anytime" before the foreclosure.

27.     The above statement is additional and unnecessary language in the notice that is not in strict compliance with the Plaintiffs' mortgages because it may serve to water down, contradict or nullify the Plaintiffs' unequivocal right to reinstate their mortgages and to "still avoid foreclosure may paying the total past due amount before a foreclosure sale takes place".  See Fed. Nat'l Mortg.

Ass'n v. Marroquin, 74 N.E.3d 592 (Mass. 2017).  Such ambiguous and unnecessary language gives the Defendants the power to delay acceptance of or reject the Plaintiffs tender of payment pursuant to their unequivocal right to reinstate under Paragraphs 19 and 22 of the Mortgage and rights to cure under c. 244, Section 35A.  Such language further serves to allow the Defendants to reject payment or continue to proceed enforcing their rights of acceleration and foreclosure if the Plaintiffs tender payment that is less than the whole accelerated balance in breach of the Plaintiffs unequivocal right to reinstate and to "avoid foreclosure by paying the total past due".

28.    Representative Plaintiff alleges that the purported Default/ Right to Cure Letters sent by New Rez/PHH Mortgage failed to fully and "properly" describe the Plaintiffs' "right to reinstate after acceleration" as required by and detailed in Paragraphs 19 and 22 of the Mortgages. Furthermore, the form notices statement that "If your payment is not accepted or your payment is for less than the total amount due (which we may accept without waiving any of our rights), this matter will not be resolved" is additional and unnecessary language in the notice that is not in strict compliance with the Class Plaintiffs' mortgages because it may serve to water down, contradict or nullify the Plaintiffs' unequivocal right to reinstate their mortgages and to "still avoid foreclosure may paying the total past due amount before a foreclosure sale takes place".  Therefore, the Defendants' notice is in breach of the strict compliance standard of the mortgage and a violation of the Statutory Power of Sale pursuant to M.G.L. ch. 244 §21 for failing to provide a "proper" default notice in accordance with Paragraph 22 of the Mortgage as a condition precedent to foreclosure.

29.    Representative Plaintiff alleges that the notices sent purporting to state compliance with paragraph 22 of the Fisher Mortgage and the notices sent to the Class Plaintiffs failed to contain the required information as described in said paragraph 22 of the Class Plaintiffs' mortgages,

contained a statement that "If your payment is not accepted or your payment is for less than the total amount due (which we may accept without waiving any of our rights), this matter will not be resolved" which is additional and unnecessary language in the notice that is not in strict compliance with the Plaintiffs' mortgages because it may serve to water down, contradict or nullify the Plaintiffs' unequivocal right to reinstate their mortgages and to "still avoid foreclosure may paying the total past due amount before a foreclosure sale takes place".

30.     As such, the Defendants failed to provide the Representative Plaintiff proper Notice of Default in breach of the Mortgage contract and are in violation of G. L. c. 183, § 21 for failure to first comply with the terms of the mortgage prior to exercising the power of sale, rendering any acceleration, foreclosure, and sale void.

31.     In addition to the Defendants' failure to strictly comply with Paragraph 22 of the Mortgage Defendants failed to send and the Plaintiffs failed to receive a Notice of Acceleration pursuant to the terms of the Note which is a condition precedent to foreclosure.

32.     As such, the Defendants failed to provide the Representative Plaintiff proper Notice of Default in breach of the Mortgage contract and are in violation of G. L. c. 183, § 21 for failure to first comply with the terms of the mortgage prior to exercising the power of sale, rendering any acceleration, foreclosure, and sale void.

33.     Representative Plaintiff alleges that the notice sent purporting to state compliance with paragraph 22 of the Fisher Mortgage failed to contain the required information as described in said paragraph 22, contained a misleading, inaccurate and potentially deceptive statement.

34.     As such, the Defendants failed to provide the Representative Plaintiff proper Notice of Default in breach of the Mortgage contract and are in violation of G. L. c. 183, § 21 for failure to

first comply with the terms of the mortgage prior to exercising the power of sale, rendering any acceleration, foreclosure, and sale void.

## CLASS ALLEGATIONS

35.    The Representative Plaintiff repeats and re-alleges every allegation above as if set forth herein in full.

36.    The Representative Plaintiff brings this Action on behalf of herself and all others so similarly situated.

37.    The Representative Plaintiff sues on behalf of herself and all homeowners or former homeowners who were sent default/ right to cure letters by New Rez/PHH Mortgage which state that "If your payment is not accepted or your payment is for less than the total amount due (which we may accept without waiving any of our rights), this matter will not be resolved".  This statement is additional and unnecessary language in the notice that is not in strict compliance with the Plaintiffs' mortgages or in substantial compliance with 35A because it may serve to water down, contradict or nullify the Plaintiffs' unequivocal right to reinstate their mortgages and to "still avoid foreclosure may paying the total past due amount before a foreclosure sale takes place".

38.    The Representative Plaintiff, on behalf of herself and all others so similarly situated, pray that this Honorable Court find that the Defendants breached the terms and condition precedents of the mortgages and further find said default notices and the subsequent foreclosures are invalid and void.

39.    The Representative Plaintiff, on behalf of herself and all others so similarly situated, pray that this Honorable Court find that the Defendants violated Mass. Gen. Laws Ch. 244 §35A and further find said right to cure notices are invalid and void.

40.     Representative Plaintiff ask that this Court find that any foreclosure sales conducted by the Defendants and foreclosure deeds granted subsequent to the invalid default/ right to cure notices be declared null and void regardless of whether or not said invalid foreclosure deeds were recorded.

41.     Representative Plaintiff, on behalf of herself and all others so similarly situated, ask that this Honorable Court declare that any such default/ right to cure notices sent to the Class Plaintiffs as described in this complaint be null and void, declare that any notice of mortgagee's foreclosure sale made on said properties of the Class Plaintiffs subsequent to such void default notices be null and void, declare that any foreclosure auction conducted subsequent to such void default notices be null and void, declare that any foreclosure deed granted subsequent to such void default notices be null and void, and enjoin the Defendants from conducting any foreclosure auction or conveyance of the subject properties.

42.     Class Plaintiffs seek declaratory relief, injunctive relief, actual, monetary, punitive and exemplary damages, restitution, an accounting, attorney's fees and costs, and all other relief provided by law for Defendants' wrongful acts.

43.     The Representative Plaintiff and members of the class suffered quantifiable damages such as loss of equity in their homes, money spent on funding bankruptcy, legal defense of foreclosure and eviction, and moving and relocation expenses.

44.     The Representative Plaintiff and members of the class have suffered general damages such as loss of property interests, negative impact to credit ratings, loss of their homes, lost opportunities to rectify their situations through loss mitigation and mediation of their mortgage delinquencies, and extreme mental and emotional distress.

45.     The Representative Plaintiff and members of the class seek actual, exemplary, punitive, and monetary damages.

## COUNT I
## DECLARATORY JUDGMENT

46.     Representative Plaintiff, on behalf of herself and all others so similarly situated, repeat and reincorporate by reference all paragraphs above as if fully articulated herein.

47.     Representative Plaintiff, on behalf of herself and all others so similarly situated, allege that the notices sent purporting to state compliance with paragraph 22 of the Mortgages and Mass. Gen. Laws Ch. 244 §35A contained misleading statements that "If your payment is not accepted or your payment is for less than the total amount due (which we may accept without waiving any of our rights), this matter will not be resolved".  This statement is additional and unnecessary language in the notice that is not in strict compliance with the Plaintiffs' mortgages or in substantial compliance with 35A because it may serve to water down, contradict or nullify the Plaintiffs' unequivocal right to reinstate their mortgages and to "still avoid foreclosure may paying the total past due amount before a foreclosure sale takes place".

48.     Representative Plaintiff, on behalf of herself and all others so similarly situated, respectfully ask that this Honorable Court declare that any said default letter/ right to cure notices containing misleading statements that claim or imply that "If your payment is not accepted or your payment is for less than the total amount due (which we may accept without waiving any of our rights), this matter will not be resolved"" are null and void

49.     As such, the Defendants failed to provide the Class Plaintiffs compliant Notices of Default/ Right to Cure in accordance with Mass. Gen. Laws Ch. 244 §35A in breach of their Mortgage contracts and are in violation of G. L. c. 183, § 21 for failure to first comply with the terms of the mortgage prior to exercising the power of sale, rendering any default or right to cure notice with the above described verbiage, as well as any acceleration, any foreclosure notice, any foreclosure auction, and any foreclosure deed made subsequent to said void default/ right to cure notices void.

50.     Representative Plaintiff, on behalf of herself and all others so similarly situated, ask that this Honorable Court declare that any such default/ right to cure notices sent to the Class Plaintiffs by New Rez/PHH Mortgage as described in this complaint be null and void, declare that any notice of mortgagee's foreclosure sale made on said properties of the Class Plaintiffs subsequent to such void default notices be null and void, declare that any foreclosure auction conducted subsequent to such void default notices be null and void, declare that any foreclosure deed granted subsequent to such void default notices be null and void, and enjoin the Defendant from conducting any foreclosure auction or conveyance of the subject properties.

51.     The Class Plaintiffs are entitled to a declaratory judgment determining that the accelerations of all sums due under the notes, the attempted foreclosures, and the attempted mortgagee's foreclosure sales of the subject property are all void.

52.     The Class Plaintiffs are entitled to an injunction preventing the transfer of the right, title, and interest in their property.

53.     The Class Plaintiffs are entitled to cancellation costs and fees assessed to them for wrongful foreclosure, together with additional damages.

54.     The Class Plaintiffs are entitled to be returned to their status and circumstances prior to the wrongful foreclosures and sales.

55.     The Class Plaintiffs are entitled to actual, monetary, punitive and exemplary damages, restitution, an accounting, attorneys' fees and costs, equitable relief and all other relief as provided by state law.

## <u>COUNT II</u>
## MORTGAGE POWER OF SALE

56.     Representative Plaintiff, on behalf of herself and all others so similarly situated, repeat and reincorporate by reference all paragraphs above as if fully articulated herein.

57.     Massachusetts permits non-judicial foreclosure under the statutory power of sale contained at G. L. c. 183, § 21, so long as the terms of the mortgage and the statutes related to the power of sale are strictly complied with. The statute states:

> Section 21. The following "power" shall be known as the "Statutory power of Sale", and may be incorporated in any mortgage by reference:
>
> (POWER)
>
> But upon any default in the performance or observance of the foregoing or other condition, the mortgagee or his executors, administrators, successors or assigns may sell the mortgaged premises or such portion thereof as may remain subject to the mortgage in case of any partial release thereof, either as a whole or in parcels, together with all improvements that may be thereon, by public auction on or near the premises then subject to the mortgage, or, if more than one parcel is then subject thereto, on or near one of said parcels, or at such place as may be designated for that purpose in the mortgage, **first complying with the terms of the mortgage and with the statutes relating to the foreclosure of mortgages by the exercise of a power of sale**, and may convey the same by proper deed or deeds to the purchaser or purchasers absolutely and in fee simple; and such sale shall forever bar the mortgagor and all persons claiming under him from all right and interest in the mortgaged premises, whether at law or in equity.
>
> (Emphasis added).

58.     As emphasized above, the foreclosure by power of sale requires that a foreclosing bank must "comply [] with the terms of the mortgage…" G.L. c. 183, § 21.

59.     If a bank fails to strictly comply with the power of sale and the terms of the mortgage, then a foreclosure is void. U.S. Bank Nat'l Ass'n v. Schumacher, 467 Mass. 421, 428 (2014) ("Failure to comply strictly with the power of sale renders the foreclosure void.").

60.     The mortgages given by Class Plaintiffs, secured by the subject properties state at 22 as follows:

> 22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument…The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in

acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

61.     Paragraph 22 of the Mortgages require that prior to acceleration and foreclosure the Defendant is required to send the Borrowers a Default Notice which informs the Borrowers that they have a "right to reinstate after acceleration".  The "right to reinstate after acceleration" contained in the Mortgage are described in Paragraph 19 of the Mortgages as follows;

19. Borrower's Right to Reinstate After Acceleration.  If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time *prior to the earliest of: (a) five days before* the sale of the Property pursuant to any power of sale contained in this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of judgment enforcing this Security Instrument.  Those *conditions* are that Borrower: (a) *pays Lender all sums which then would be due* under this Security Instrument and the Note *as if no acceleration had occurred*; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged. Lender may require that Borrower pay such reinstatement sums and expenses in

one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer. *Upon reinstatement* by Borrower, this Security Instrument and *obligations* secured hereby *shall remain fully effective as if no acceleration had occurred*.  However this right to reinstate shall not apply in the case of acceleration under Section 18."

    (emphasis added)

62.    Representative Plaintiff, on behalf of herself and all others so similarly situated, allege that the notices sent purporting to state strict compliance with paragraph 22 of the Mortgages contained an inaccurate and potentially misleading statement that "If your payment is not accepted or your payment is for less than the total amount due (which we may accept without waiving any of our rights), this matter will not be resolved".  This statement is additional and unnecessary language in the notice that is not in strict compliance with the Plaintiffs' mortgages or in substantial compliance with 35A because it may serve to water down, contradict or nullify the Plaintiffs' unequivocal right to reinstate their mortgages and to "still avoid foreclosure may paying the total past due amount before a foreclosure sale takes place".

63.    As such, there was no compliance with the terms of the mortgage which would have allowed the Defendants to exercise the statutory power of sale as indicated above.

64.    No proper Notices of Default were sent by New Rez/PHH Mortgage to Class Plaintiffs in accordance with the terms of the mortgage.

65.    As a result, no acceleration letter could be sent to Class Plaintiffs, nor could the mortgagee exercise the statutory power of sale on said mortgages in the Class.

66.    Pursuant to the terms of the Mortgages, compliance with the obligations of the Lender as set forth in paragraphs 19 & 22 of the Mortgages are condition precedents to the accelerations and the exercise of the statutory power of sale.

67.     Class Plaintiffs thus never received an acceleration notice or Notice of Default pursuant to the terms of the Mortgages.

68.     Due to this failure to comply with the terms of the mortgage, no entity was contractually authorized to exercise the statutory power of sale and foreclose on the Mortgages and sell the subject properties at mortgagee's foreclosure sale.  These actions constituted a breach of contract, resulting in damages to the Class Plaintiff.

69.     As a result of the above noted improper and invalid exercises of the statutory power of sale and purported foreclosure sales, Class Plaintiffs mortgage loan accounts were charged fees and costs and expenses for certified mail, advertising costs, legal fees, auctioneer costs and other charges which were reflected in their monthly mortgage statements.

70.     The Class Plaintiffs have incurred damages in hiring attorneys, in regard to the improper actions of Defendants in sending Notices of Foreclosure Sale and conducting sales without first complying with the terms of the mortgages in violation of G. L. c. 183, § 21.

71.     Class Plaintiffs have also incurred emotional injuries and damages due to the improper foreclosure of their home without Defendants first complying with the terms of the mortgages.

72.     The Class Plaintiffs have incurred legal fees for the prosecution of this action as a result of Defendants' violation of G. L. c. 183, § 21 due to the breaches of contract by Defendants as noted herein.

73.     Class Plaintiffs have suffered harm and are threatened with additional harm from Defendants' breach, including but not limited to losses of their property interest, higher principle balances, improper negative reporting to credit bureaus; inappropriate fees and charges assessed to them, including broker price opinion fees, inspection fees, attorney's fees, "process

management" fees, late fees and other charges associated with delinquency and default, and increased accrued interest.

74.     The Defendants' breach of contract and failure to comply with terms of the mortgage as noted herein above, are the direct cause of the harms alleged herein and not Class Plaintiff' failure to make their mortgage payments.

75.     Therefore, Class Plaintiffs would not have suffered the harms as noted herein were it not for the Defendants' breach of the mortgage contract as noted herein.

76.     The Defendants' failure to comply with the terms of the mortgage is in violation of G. L. c. 183, § 21. The foreclosures are therefore void. U.S. Bank Nat. Ass'n v. Ibanez, 458 Mass. 637, 647 (2011) ("the terms of the power of sale, G.L. c. 183, § 21, must be strictly adhered to").

77.     The Class Plaintiffs are entitled to a declaratory judgment determining that the accelerations of all sums due under the notes, the attempted foreclosures, and the attempted mortgagee's foreclosure sales of the subject property are all void.

78.     The Class Plaintiffs are entitled to an injunction preventing the transfer of the right, title, and interest in their property.

79.     The Class Plaintiffs are entitled to cancellation costs and fees assessed to them for wrongful foreclosure, together with additional damages.

80.     The Class Plaintiffs are entitled to be returned to their status and circumstances prior to the wrongful foreclosures and sales.

81.     The Class Plaintiffs are entitled to actual, monetary, punitive and exemplary damages, restitution, an accounting, attorneys' fees and costs, equitable relief and all other relief as provided by state law.

<u>**COUNT III**</u>
**BREACH OF CONTRACT AND FAILURE TO COMPLY WITH CONDITIONS
PRECEDENT TO EXERCISE THE STATUTORY POWER OF SALE**

82.     Representative Plaintiff, on behalf of herself and all others so similarly situated, repeat and
re-allege every allegation above as if set forth herein in full.

83.     As described above, the mortgage contract entered into by Representative Plaintiff
constitutes a valid offer.

84.     Upon Class Plaintiffs executing the mortgage contracts and giving it to their Lender, the
Lender accepted that offer.

85.     Alternatively, Class Plaintiffs execution of the mortgage contracts thereby giving a security
interest in their properties to their Lender constitutes offers.  Acceptance of those offers occurred
when Defendants accepted payments made by Class Plaintiffs pursuant to the mortgage contracts.

86.     The mortgage contracts were supported by consideration.  Class Plaintiff' payments to
Defendants constitutes consideration.

87.     Class Plaintiffs and Defendants thereby formed valid contracts and Class Plaintiffs were,
are, and remain ready willing and able to perform under said contracts.

88.     Defendants breached the mortgage contract of Class Plaintiffs by failing to keep its
obligations pursuant to the terms as agreed to found at paragraphs 19 & 22 of the Mortgages which
state in pertinent part;

> 22. Acceleration; Remedies. Lender shall give notice to Borrower prior to
> acceleration following Borrower's breach of any covenant or agreement in this
> Security Instrument…The notice shall specify: (a) the default; (b) the action
> required to cure the default; (c) a date, not less than 30 days from the date the notice
> is given to Borrower, by which the default must be cured; and (d) that failure to
> cure the default on or before the date specified in the notice may result in
> acceleration of the sums secured by this Security Instrument and sale of the
> Property. The notice shall further inform Borrower of the right to reinstate after
> acceleration and the right to bring a court action to assert the non-existence of a
> default or any other defense of Borrower to acceleration and sale. If the default is

not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

19. Borrower's Right to Reinstate After Acceleration.  If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time _prior to the earliest of: (a) five days before_ the sale of the Property pursuant to any power of sale contained in this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of judgment enforcing this Security Instrument.  Those _conditions_ are that Borrower: (a) _pays Lender all sums which then would be due_ under this Security Instrument and the Note _as if no acceleration had occurred_; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged. Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer. _Upon reinstatement_ by Borrower, this Security Instrument and _obligations_ secured hereby _shall remain fully effective as if no acceleration had occurred_.  However this right to reinstate shall not apply in the case of acceleration under Section 18."

(emphasis added)

89.    In Massachusetts, a contract containing an obligation of the Lender is construed as a condition precedent, which requires strict compliance.

90.     In Massachusetts, a mortgagee agreeing to abide certain obligations pursuant to the mortgage before acceleration, foreclosure, and sale, must adhere to those obligations, with the level of specificity as agreed.

91.     In Massachusetts, the power to sell by foreclosure sale is derived from the mortgage and statute, and strict compliance with the requirements of paragraphs 19 & 22 of the mortgage is an obligation of the mortgagee. Failure send proper Notice of Default pursuant to paragraphs 22 & 19 as noted herein is a breach of mortgage contract renders any acceleration, attempted foreclosure, and sale of the subject property void.

92.     Representative Plaintiff, on behalf of herself and all others so similarly situated, allege that the notices sent purporting to state strict compliance with paragraph 22 of the Mortgages contained an inaccurate and potentially misleading statement that "If your payment is not accepted or your payment is for less than the total amount due (which we may accept without waiving any of our rights), this matter will not be resolved".  This statement is additional and unnecessary language in the notice that is not in strict compliance with the Plaintiffs' mortgages or in substantial compliance with 35A because it may serve to water down, contradict or nullify the Plaintiffs' unequivocal right to reinstate their mortgages and to "still avoid foreclosure may paying the total past due amount before a foreclosure sale takes place".

93.     As such, there was no compliance with the terms of the mortgage which would have allowed the Defendants to exercise the statutory power of sale as indicated above.

94.     No default letter was sent to Class Plaintiffs pursuant to the terms of the mortgage. As such the Defendants could not exercise the statutory power of sale on their properties.

95      Pursuant to the terms of the mortgages proper Notices of Default are a condition precedents to acceleration and the exercise of the statutory power of sale.

96.     Class Plaintiffs thus never received default acceleration notices pursuant to the terms of their mortgages.

97.     Due to these failures to comply with the terms of the mortgages, no entity was contractually authorized to exercise the statutory power of sale, foreclose, and sell the subject properties at mortgagee's foreclosure sale. These actions constituted breaches of the contracts, resulting in damages to the Class Plaintiff.

98.     As a result of the above noted improper and invalid exercises of the statutory power of sale and purported foreclosure sales, Class Plaintiff' mortgage loan accounts were charged fees and costs and expenses for certified mail, advertising costs, legal fees, auctioneer costs and other charges which were reflected in their monthly mortgage statements.

99.     The Class Plaintiffs have incurred damages in hiring attorneys, in regard to the improper actions of Defendants in sending a Notices of Foreclosure Sale and seeking to conduct sales without first complying with the terms of the mortgages in violation of G. L. c. 183, § 21 and in breach of their contracts.

100.    Class Plaintiffs have also incurred emotional injuries and damages due to the improper foreclosures of their homes without Defendants first complying with the terms of the mortgages and breaches of contracts.

101.    Class Plaintiffs have incurred legal fees for the prosecution of this action as a result of Defendants' violation of G. L. c. 183, § 21 due to the breaches of contracts by Defendants as noted herein.

102.    Class Plaintiffs have suffered harm and are threatened with additional harm from Defendants' breach, including but not limited to loss of property interests, higher principle balances, improper negative reporting to credit bureaus; inappropriate fees and charges assessed

to their accounts, including broker price opinion fees, inspection fees, attorney's fees, "process management" fees, late fees and other charges associated with delinquency and default, and increased accrued interest.

103.    The Defendants' breaches of contracts and failure to comply with terms of the mortgages as noted herein above, are the direct cause of the harms alleged herein and not Class Plaintiff' failure to make their mortgage payments.

104.    Therefore, Class Plaintiffs would not have suffered foreclosure, sale, or the harms as noted herein were it not for the Defendants' breaches of the mortgage contracts as noted herein.

105.    The Defendants' failure to comply with the terms of the mortgages are a breaches of the mortgage contracts and also are in violation of G. L. c. 183, § 21. The foreclosure is therefore void. U.S. Bank Nat. Ass'n v. Ibanez, 458 Mass. 637, 647 (2011) ("the terms of the power of sale, G.L. c. 183, § 21, must be strictly adhered to").

106.    The Class Plaintiffs are entitled to a declaratory judgment determining that the acceleration of all sums due under the notes, the foreclosures, and mortgagee's foreclosure sales of the subject properties are in breach of contract and all void.

107.    The Class Plaintiffs are entitled to an injunction preventing the transfer of the right, title, and interest in their properties.

108.    The Class Plaintiffs are entitled to cancellation costs and fees assessed to them for wrongful foreclosures, together with additional damages.

109.    The Class Plaintiffs are entitled to be returned to their status and circumstances prior to any wrongful acceleration, foreclosure and sale.

110.     The Class Plaintiffs are entitled to actual, monetary, punitive and exemplary damages, restitution, an accounting, attorneys' fees and costs, equitable relief and all other relief as provided by state law.

**COUNT IV**
**VIOLATION OF M.G.L. c. 244 §35A**

111.     Representative Plaintiff, on behalf of herself and all others so similarly situated, repeat and reincorporate all paragraphs above as if fully articulated herein.

112.     Pursuant to M.G.L. c. 244 §35A, Defendants were required to notify Plaintiff of "…the nature of the default claimed on such mortgage of such residential real property and of the mortgagor's right to cure the default by paying the sum of money required to cure the default…before…accelerat[ing] the maturity of the unpaid balance of such mortgage obligation or otherwise enforce[ing] the mortgage." (See: M.G.L. Ann. c. 244 §35A.). (Emphasis Added).

113.     Furthermore, "[W]here a homeowner who is facing foreclosure claims that the mortgage holder has failed to provide timely and adequate written notice of the right to cure the default in payment of the mortgage, in violation of § 35A, the homeowner may file an equitable action . . . seeking to enjoin the foreclosure…[T]he foreclosure may not proceed if the mortgagor proves that the mortgage holder has failed to give the required  notice…[In that case,] the mortgage holder must provide the proper notice required by § 35A and wait to see if the borrower will cure the default within the required time period before recommencing the foreclosure proceeding." (See: U.S. Bank Nat. Ass'n v. Schumacher, 467 Mass. 421, 431 (2014)).

114.     Representative Plaintiff, on behalf of herself and all others so similarly situated, allege that the notices sent purporting to state strict compliance with paragraph 22 of the Mortgages contained an inaccurate and potentially misleading statement that "If your payment is not accepted or your payment is for less than the total amount due (which we may accept without waiving any of our

rights), this matter will not be resolved".  This statement is additional and unnecessary language in the notice that is not in strict compliance with the Plaintiffs' mortgages or in substantial compliance with 35A because it may serve to water down, contradict or nullify the Plaintiffs' unequivocal right to reinstate their mortgages and to "still avoid foreclosure may paying the total past due amount before a foreclosure sale takes place".  Thus Representative Plaintiff asks that this Court declare that any such notices that contain this statement are null and void.

115.    Therefore, said notice is inadequate, ineffective, and fails to comply with M.G.L. c. 244 §35A in such a manner as to render any and all foreclosure actions subsequent to such right to cure notice fundamentally unfair.  As such, the acceleration and attempted foreclosure of the Class Plaintiff' Mortgages and the attempted mortgagee's foreclosure sales are invalid, void, and without force and/or effect.

116.    Due to Defendants' failure to comply with M.G.L. c. 244 §35A, no entity was contractually authorized to exercise the statutory power of sale and attempt to foreclose on the Class Plaintiff' Mortgages and sell their properties at mortgagee's foreclosure sale. These actions constituted breach of contracts, resulting in damages to the Plaintiff.

117.    As a result of the above noted improper and invalid exercise of the statutory power of sale and purported foreclosure sale, Plaintiff' mortgage loan accounts were charged fees and costs and expenses for certified mail, advertising costs, legal fees, auctioneer costs and other charges which were reflected in their monthly mortgage statements.

118.    The Plaintiff have incurred damages in hiring attorneys, in regard to the improper actions of Defendant in failing to send Class Plaintiffs proper and accurate notices of right to cure pursuant to M.G.L. c. 244 §35A, and seeking to conduct a foreclosures and sales without first complying with M.G.L. c. 244 §35A.

119.    Class Plaintiffs have also incurred emotional injuries and damages due to the improper foreclosure and sale of their homes without Defendant first complying with M.G.L. c. 244 §35A.

120.    The Class Plaintiffs have incurred legal fees for the prosecution of this action as a result of Defendant's violation of M.G.L. c. 244 §35A as noted herein.

121.    Class Plaintiffs have suffered harm and are threatened with additional harm from Defendant's failure to abide by M.G.L. c. 244 §35A, including but not limited to potential loss of property interests, higher principle balances, improper negative reporting to credit bureaus; inappropriate fees and charges assessed to them, including broker price opinion fees, inspection fees, attorney's fees, "process management" fees, late fees and other charges associated with delinquency and default, and increased accrued interest.

122.    The Defendant's failure to proper notice of Class Plaintiff' rights to cure as noted herein above, is the direct cause of the harms alleged herein and not Class Plaintiff' failure to make their mortgage payments.

123.    Therefore, Class Plaintiffs would not have suffered the harms as noted herein were it not for the Defendant's failure to abide by statute as noted herein.

124.    The Class Plaintiffs are entitled to a declaratory judgment determining that the acceleration of all sums due under the notes, the attempted foreclosures, and the attempted mortgagee's foreclosure sales of the subject properties are all void.

125.    The Class Plaintiffs are entitled to an injunction preventing the transfer of the right, title, and interest in their properties.

126.    The Class Plaintiffs are entitled to cancellation costs and fees assessed to them for wrongful foreclosure, together with additional damages.

127.    Class Plaintiffs are entitled to be returned to their status and circumstances prior to the wrongful attempted foreclosures and sales.

128.    Class Plaintiffs are entitled to actual, monetary, punitive and exemplary damages, restitution, an accounting, attorneys' fees and costs, equitable relief and all other relief as provided by state law.

Dated: June 3, 2022

Respectfully Submitted, Plaintiff,
By her Attorney,
Todd S. Dion, Esq.

_/s/ Todd S. Dion_____
Todd S. Dion, Esq. (659109)
15 Cottage Avenue, Ste 202
Quincy, MA 02169
401-965-4131 Cell
401-270-2202 Fax
toddsdion@msn.com

## **VERIFICATION OF COMPLAINT**

I, Christine Fisher, Plaintiff in the above-captioned action, hereby depose and state that I have read and subscribed to the foregoing amended complaint, and the facts set forth therein are based on my own personal knowledge and are true and correct.

Signed under the penalties of perjury on June 3, 2022.


Date:   June 3, 2022                                    Respectfully submitted,


                                                         __/s/_ Christine Fisher_____
                                                         Christine Fisher